UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                               ) Case No. _____
                                                    )
                                                    ) [NOTE: **Only use if filing 14 or more days before a hearing**]
                                                    )
                                                    )
                                                    ) NOTICE OF *PRE*-CONFIRMATION
                                                    ) AMENDMENT OF PLAN AND
Debtor(s)                                           ) CONFIRMATION HEARING

The proponent, who is the _____, [i.e., debtor; trustee; or creditor (also state type of claim and any business name)] and whose name and address are_____
_____,
by and through the undersigned, certifies that:

1. An original amended plan dated _____ was attached to the original of this Notice and has been filed with the Clerk of Court.

2. A **Confirmation Hearing** regarding the amended plan, at which testimony will be received if offered and admissible, will be held: [**Instructions to filer:** *If a confirmation hearing is scheduled, insert the information for that hearing; do not obtain a new date! If no confirmation hearing is currently scheduled, contact the calendar clerk to obtain a hearing date and time before completing this notice. If a telephone hearing is scheduled, mark the Access Code box for the hearing judge.*]

   **Date:**_____    **Time:**_____

   **Location**:    ☐   Courtroom #_____, _____

                    ☐   Telephone Hearing  [**NOTE**: See LBF #888, Telephone Hearing Requirements]
                        **Call In Number:**       (888) 684-8852
                        **Access Code:**          ☐ 8622907 for Judge Frank R. Alley (fra)
                                                  ☐ 4950985 for Judge Trish M. Brown (tmb)
                                                  ☐ 5870400 for Judge Randall L. Dunn (rld)
                                                  ☐ 1238244 for Judge Elizabeth L. Perris (elp)
                                                  ☐ 3388495 for Judge Thomas M. Renn (tmr)

3. A separate summary of the amendments has been served on the trustee along with a copy of the amended plan and any modified budget or other pertinent information.

4. On _____ copies of this Notice, Local Form #888 if a Telephone Hearing will be held and if this Notice is served on paper, and the amended plan described above were served on the debtor(s) and any debtor's attorney; trustee (with the attachments required in pt. 3); and all creditors.

Date: _____    _____
                      Signature, Relation to Proponent, **AND** Proponent's Contact Phone #

                      _____
                      (If debtor is proponent) Debtor's Address (unless shown above) **&** Taxpayer ID#(s) (last 4 digits)

NOTICE IS GIVEN THAT any creditor who has any objection to any provision of the amended plan must personally appear at the confirmation hearing and present such objections to the court, or file detailed written objections with the court at least 3 business days before that hearing. Filing of a proof of claim rejecting the plan or a motion for relief from the automatic stay will not be considered as an objection to confirmation.

                                                                            CLERK, U.S. BANKRUPTCY COURT

1355.05 (7/18/13)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. **13-64457**
**Vince E Granno** ) (NOTE: If blank, Case No. will be
) on the Meeting of Creditors Notice)
) **AMENDED**
) **CHAPTER 13 PLAN DATED**  February 4, 2014
Debtor(s) ) ☐ **MOTION TO VALUE COLLATERAL**
☐ **MOTION TO AVOID LIENS**
☐ **SECURED CLAIM AMOUNT LIMITED WITH CREDITOR CONSENT**
[*MARK* above *IF* applicable]

1. The debtor shall pay to the trustee: (a) a periodic payment of $ **1,241x2 and $1,160 thereafter** every **month** (insert either month or quarter); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) received during: ☐ The life of the plan, or ☐ 36 or ☒ 60 months from the date the first plan payment is due *(Check the applicable provision; if neither is checked, "for the life of the plan" applies)*; (d) a lump sum payment of $___ on or before ___(date); and (e) _____.
Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall apply all funds received pursuant to pt. 1 as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under § 1328, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata.

   (1) If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority position of the claim, and, if not, under the provisions of pt. 2 (f) only. HOWEVER, THE CLAIMS OF CREDITORS SECURED BY PURCHASE MONEY SECURITY INTERESTS IN (i) A MOTOR VEHICLE ACQUIRED FOR PERSONAL USE BY THE DEBTOR(S) WITHIN 910 DAYS PRECEDING THE FILING DATE OF THE PETITION, OR (ii) ANY OTHER PERSONAL PROPERTY COLLATERAL ACQUIRED WITHIN ONE (1) YEAR PRECEDING THE FILING DATE OF THE PETITION SHALL BE TREATED AS FULLY SECURED except as provided in pt. (b)(2) below, if applicable. The following also apply:

   From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW. THE ARREARAGES SHOWN IN A TIMELY FILED AND ALLOWED SECURED CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-Confirmation Interest Rate | Equal Monthly Payments |
|---|---|---|---|---|---|---|
| Ocwen | Residence: House Location: 1225 Candlewood Drive Keizer, OR 97303 | 41,496.19 | | 41,496.19 | 0.00% | AAFAAF* |

**\*AAFAAF = All available funds after attorney fees**

1300.05 (12/1/12) **Page 1 of 5**        [**NOTE**: Printed text may **NOT** be stricken!]

If the collateral is not to be sold, and the provisions in capital letters above governing claims of creditors with purchase money security interests in personal property do not apply, the value of the collateral, where the debtor is not paying the debt in full, shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of determining the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.

(2) **DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW AGREE TO THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF THE CREDITOR(S). FAILURE OF CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.**

From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-Confirmation Interest Rate | Payment Provisions |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above unless creditor objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court. The debtor MOVES the court for an order so fixing the value of the collateral. If the collateral is to be sold, the value shall be the sales price.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation. If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors. Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim. Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Compensation: Original attorney fees and expenses are $ __4,750.00__ ; of which $ __4,551.00__ remains unpaid. Said amount are to be paid either: ☐ From all available funds after pt. 2(b) payments are made; or ☒ Other - "All attorney fees, including supplemental compensation, shall be paid from all available funds after any fixed per month (permo) payments in 2(b) are made."

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state creditor NAME followed by DESCRIPTION of collateral to be surrendered):

1300.05 (12/1/12) **Page 2 of 5**        [**NOTE**: Printed text may **NOT** be stricken!]

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy

| Creditor | Description of collateral to be surrendered |
|---|---|
| **Ocwen** | **Rental House**<br>**Location: 7557 Broken Top Ave Keizer Oregon 97303** |
| **Ocwen** | **Rental House**<br>**Location: 7557 Broken Top Ave Keizer Oregon 97303** |

    (c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.
    (d) Fourth, allowed administrative expenses under §507(a)(2).
    (e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims, unless otherwise ordered.
    (f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**]. The terms of pt. 8 shall also apply.
        ☒ (1) The creditors will receive approximately __0__ % of their claims. Payment of any dividend will depend upon secured claims at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.
        ☐ (2) The creditors will receive a minimum ___% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.
    (g) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $ __NA__ , and not less than that amount shall be distributed to unsecured creditors.
    (h) [Not Applicable if NA is inserted in the blank] Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of __NA__ % from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None]\Cure Provisions |
|---|---|
| **-NONE-** | |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in an additional pt. at the end of this plan:

| Creditor | Collateral | Payment |
|---|---|---|
| **Ocwen** | **Residence: House**<br>**Location: 1225 Candlewood Drive Keizer, OR 97303** | **1,496.10** |

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor:

| Creditor | Collateral |
|---|---|
| **-NONE-** | |

    (b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

| Creditor | Collateral |
|---|---|
| **-NONE-** | |

Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in pt. 2(f).

7. Except as otherwise provided herein, postpetition interest on all unsecured claims is disallowed. Interest continues to accrue on debts that are excepted from discharge.

1300.05 (12/1/12) **Page 3 of 5**         [**NOTE**: Printed text may **NOT** be stricken!]

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.]  The approximate length of the plan is  **60**  months; cause to extend longer than 36 months is as follows:
**Applicable commitment period.**

   Except as otherwise explicitly provided by pt. __, Debtor(s) shall make plan payments for 36 months, unless the debtor(s) pays 100% of all allowed claims with appropriate interest, except the plan payments shall continue for more than 36 months to the extent (1) the plan proposes a longer period, not to exceed 60 months, as necessary to complete required payments to creditors, or (2) §1322(d)/1325(b) requires plan payments for a longer period.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

10. Debtor(s) certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

11. Debtor(s) further certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law.


   /s/ Vince E Granno
   **Vince E Granno**
                    DEBTOR                                                                              DEBTOR

**IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN pts. 2(b)(1), 2(b)(2) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON  February 4, 2014 , COPIES OF THIS PLAN ON any insured depository institution(s) affected by pts. 2(b)(1), 2(b)(2) or 6 of the Plan [FRBP 7004(h)]; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE: With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):**

   **JP Morgan Chase Bank, NA**
   **270 Park Avenue**
   **New York, NY 10017**
   **Attn: James Dimon, CEO**

   **Citibank, NA**
   **399 Park Avenue**
   **New York, NY 10022**
   **Attn:  Michael Corbat, CEO**

   **GE Money Bank**
   **170 West Election Road**
   **Draper, Utah 84020**
   **Attn:  Margaret Keane, Pres. & CEO**

   **IRS**
   **P.O. Box 7346**
   **Philadelphia, PA 19101-7346**

   **Ocwen Financial Corporation**
   **1661 Worthington Road, Suite 100**
   **West Palm Beach, FLc33409**
   **Attn: Ronald M. Faris, Pres. & CEO**

   **Oregon Department of Revenue**
   **955 Center Street NE**
   **Salem, OR 97301-2555**

   **State of Oregon Employment Tax Unit**
   **PO Box 4395**
   **Portland, OR 97208**


1300.05 (12/1/12) **Page 4 of 5**              [**NOTE**: Printed text may **NOT** be stricken!]

**U.S. Bancorp Center**
**800 Nicollet Mall**
**Minneapolis, MN 55402**
**Attn:  Richard K. Davis, CEO**

**Wells Fargo**
**420 Montgomery Street**
**San Francisco, CA 94104**
**Attn:  John G. Stumpf, Pres. & CEO**

                                         **/s/ William M. Parker**
                                         *DEBTOR OR DEBTOR'S ATTORNEY*

1300.05 (12/1/12) **Page 5 of 5**        [**NOTE**: Printed text may **NOT** be stricken!]

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy